Guzman v. Building Service 32BJ Pension Fund Mr. Guzman, good afternoon. Good afternoon. So, why don't you, we can actually lower that a bit. Let's, let me ask, make it easier to see you and easier for you to see us. Yes. Okay. So, Mr. Guzman, you have reserved two minutes for rebuttal. So, that gives you three minutes now. Then we'll stop, then we'll hear from your adversary, and then we'll come back to you. Okay? Thank you, John. You may proceed. Yes, I'm here because I believe that the pension fund is not providing me with the actuarial increase. I am entitled because I keep working after 65 years old. They are using a rule that says the suspension of pension benefits as an argument that I don't have the right to collect benefits. And the pension benefit rules only say clearly the title, suspension of pension benefits. But at 65 years old, I never collect any pension until I start collecting it on the required beginning date. But can I stop you for a second? Because what the pension, what the plan says is that when pension benefits begin, it says under that header, if after terminating covered employment the employee waits to begin his pension until after normal retirement age, then he would be entitled to an actuarial increase. But you never terminated covered employment, did you? I think the issue when they replied to me why they are not entitled to the benefits is because I was suspended. My pension was suspended. Well, that's I think a different issue. But it seems to me that in order to be entitled to an actuarial increase, you only get to do that after you've terminated covered employment. Did you ever terminate your employment? No, no. So the other point is the one you alluded to, and I guess I wanted to ask you about that. Because there is a section of the plan, again, that talks about what happened. It says, you say it talks about if you're re-employed, meaning you have to retire first to be disqualified from the actuarial increase. But there is a discussion in the plan under the title of loss of pension benefits that says that you have to refer to the suspension of pension benefits portion of the plan to determine if your re-employment or your continued employment after your normal retirement age or date will affect your payments being suspended. So it seems to imply that it's for people who retire and then get re-employed or people who just continue in employment, which is what you did, right? You continued employment. Yeah, I continued employment, but I don't think those things apply to us or to me. Because when I went to the hearings because I said that I don't agree with the decision, they didn't explain to me why I am there or what was the reason. They denied my benefits. So that's what they told me in the decision from the hearing. They denied me because my benefit was suspended. And that's why I start to argue on that point, not in the point that you're talking about when you lose the benefits if you continue working. I'm talking about the decision from the hearing when I appealed my benefits, and they say they denied my benefit because my benefit wasn't suspended. And that is the issue they have been trying to present that I have no right to suspend my benefit because I don't agree with the suspension of pension benefits. And that is the issue they are trying to argue. All right. So you've got two minutes for a rebuttal. We're first now going to hear from Ms. Oppenheimer. Good afternoon, Your Honors, and may it please the court. I'm Elizabeth Oppenheimer on behalf of the defendant appellees. The only issue that's properly before the court is whether Mr. Guzman was entitled to the actuarial increase in his monthly pension. The district court considered that issue in two exhaustive opinions that addressed all of the issues that Mr. Guzman has raised here today and any other argument that could fairly be drawn from Mr. Guzman's papers below. The district court gave him every benefit of the doubt but found that he was not entitled to the actuarial increase for some of the reasons Your Honor has just articulated. I won't repeat what's in our brief, but we've also addressed in our briefs why the district court was correct. The other issues that Mr. Guzman mentioned in his brief are not properly before the court because they weren't litigated below, but as we've explained in our briefs, the new claims also fail on the merits. I'm happy to answer any questions that the court may have, and if not, I can rest on our papers. All right. Thank you. Thank you, Your Honor. So, Mr. Guzman, you have two minutes for rebuttal. Yes. In the decision of the judge, the district judge, he said that I went to the hearings as a blind person because I don't know what is the issue, why they are not providing me with the benefits. So I never know that whatever they are saying, I relinquish my right. I never relinquish my right because I went over there blind because the pension fund never told me why they are denying my actuarial increase. They never told me, and they even told me, you don't have to come to the hearings. I went to the hearings, prepared myself to respond why I am entitled to the increase or the benefits, the actuarial increase. But I didn't know any other things because they never give it to me, reasons why I had to be there and why I had to prepare some argument against whatever decision they have. Right, but the issue before us really is just what the plan says and whether it entitles you to the benefits that you're asking for, the actuarial adjustment, or not. So, I mean, is there anything that you think is preventing us from figuring that out? Well, I explain in my paper that the issues in here is my actuarial increase, the union plan is the fine benefits, and the other issue is that I only need 300 credits to collect my full pension because I've been working since 1970. At the present time, I've been working almost 54 years and overpaying almost double the requirement that I need for the 300 credits. So, I ask the court to return back. Right, but at least for some of those, you didn't raise those below, right? You didn't raise those. When I amended. You didn't exhaust those remedies under the fund. Because there was no, they told me that I don't need to be presented at the hearings. They never told me why I had to, why they are denying me my benefits. That is in a letter they were presenting. Okay, but I mean, you would know whether or not you overpaid or whether you think it's been miscalculated, right? That's what I believe. But the issue was, the issue was that when they sent me a letter, when I applied in the beginning to request for my benefits, they sent me a letter that said, this is you, how much money are you going to receive? Then I replied, I said, I don't agree with those money, the benefit that they're going to give me monthly. So, I said, I prepared myself. I said, I've been working from 65 until 72. I put extra money in the plan, like $34,500 or $34,000 extra in the plan from 65 until 72 when I started collecting my pension on the required beginning date. I think the point is that you can't make arguments for the first time in court. You have to make those arguments or those claims the first time through your administrative remedies under the plan. When I amend the complaint in the district court, I put those issues. Right, but they were never presented to the plan or through the plan remedies, right? They're remedies under the plan that you can pursue, that you did for certain things, but not for others. No, I just only ask you for the increase. Right. Yes. All right, so we're going to reserve decision, so we will issue something shortly. But thank you for being here today. Thank you. Included yourself very well. Thank you, Your Honor. You're not a lawyer, are you? You're not a lawyer? No, no, Your Honor. Well, you did as well as many lawyers who appear before us. This is my first time. Well, I thought you did very well. You too, Ms. Oppenheimer. Thank you.